UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTATE OF ROBERT MARRASH and
LAURA MARRASH,

        Plaintiffs,

v.

SECURIAN LIFE INSURANCE
COMPANY and SECURIAN FINANCIAL
GROUP,

        Defendants.

Civil Action No. 18-17630 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court on Securian Life Insurance Company and Securian Financial Group's (collectively, "Defendants") Motion for Judgment on the Pleadings. (ECF No. 7.) The Estate of Robert Marrash and Laura Marrash (collectively, "Plaintiffs") filed opposition (ECF No. 8), and Defendants replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Rule 12(c) of the Federal Rules of Civil Procedure[1] provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). A court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most

---

[1] All references to a Rule or Rules refer to the Federal Rules of Civil Procedure.

favorable to the nonmoving party." *Id.* (quoting *Jablonski*, 863 F.2d at 290-91). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The Third Circuit has held, however, that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citation omitted).

Defendants did not meet their burden of demonstrating that no claim has been presented. With respect to Plaintiffs' breach-of-contract claim, many of the cases Defendants cited in support of their motion were decided on summary judgment. The cases cited by Defendants that were decided on motions to dismiss and motions for judgment on the pleadings are distinguishable from the present case. In addition, Defendants request the Court to consider Robert Marrash's autopsy report in reaching a decision. (Defs.' Moving Br. 8-9, ECF No. 7-1.) Defendants argue that the Court can consider the autopsy report because Plaintiffs referenced it in their Complaint.[2] (*Id.* at 9 (citing *Pension Benefit Guar. Corp.*, 998 F.2d at 1196).) Even if the Court could consider the autopsy report, however, the Court finds that there are facts outside the pleadings and the autopsy

---

[2] Defendant references no binding or persuasive authority in which a court considered an autopsy report in deciding a motion to dismiss or motion for judgment on the pleadings.

2

report that make judgment on the pleadings inappropriate. For example, in a footnote in their moving brief, Defendants state,

> Although not germane to the instant Motion for Judgment on the [P]leadings because they are facts extraneous to the pleadings, and not reflected on the face of the documents on which the Complaint relies, *i.e.*, the Policy and the Report, the Policy was not issued in New Jersey, and the late Mr. Marrash purchased the coverage while living in Pennsylvania years prior to his death in New Jersey.

(Defs.' Moving Br. 9 n.4.) Here, the Court has viewed the facts and drawn inferences in the light most favorable to Plaintiffs and finds that the issues raised by Defendants in this matter are more appropriately considered at a later stage of the litigation.[3]

**IT IS** on this 27th day of November 2019 **ORDERED** that:

Defendants' Motion for Judgment on the Pleadings (ECF No. 7) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] At this stage, the Court will permit Plaintiffs' unjust enrichment claim to survive Defendants' motion as an alternative theory of recovery. *See Palmeri v. LG Elecs. USA, Inc.*, No. 07-5706, 2008 WL 2945985, at *6–7 (D.N.J. July 30, 2008); *S. Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 386 (D.N.J. 2007). Defendants may move for summary judgment on Plaintiffs' unjust enrichment claim after discovery in this matter has been completed.